**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| STL 300 N.4th LLC, and <br> STL 400 N.4th LLC, <br><br>     Plaintiffs, <br><br>   vs. <br><br> VALUE ST. LOUIS ASSOCIATES, L.P., <br> and INTEGRITY REAL ESTATE CORP., <br><br>     Defendants. | Case No. 4:05CV00098MLM |

## MEMORANDUM OPINION

This matter is before the court pursuant to the Memorandum With Respect to Finality of Judgment filed by Plaintiff STL 300 N.4th LLC ("Plaintiff" or "Landlord"). Doc. 32. Defendant Value St. Louis Associates, L.P., ("Defendant" or "Tenant"), filed a Response. Doc. 33. Plaintiff filed a Reply. Doc. 34.

### BACKGROUND[1]

The Landlord, as the owner and landlord of land located at 400 N. 4th Street, St. Louis, Missouri, and Tenant, as the tenant of this land, are parties to a Lease into which their predecessors entered on April 21, 1964.[2] The Lease terminates on April 20, 2040, and provides that the net annual

---

[1] Unless otherwise stated the facts are as held in this court's Memorandum Opinion granting Defendant's Motion for Summary Judgment. Doc. 25.

[2] The dispute between the parties originally involved a second Plaintiff, STL 300 N.4th LLC, and a second Defendant, Integrity Real Estate Corp., collectively known as the Gentry's Landing Parties. The Gentry's Landing Parties informed this court that they entered into a Purchase Agreement which rendered the dispute between them moot. Doc. 29, Doc. 30. Pursuant to a Motion to Dismiss this court dismissed Integrity Real Estate Corp. as a Defendant.

basic rent is set for the first forty years of the term of the Lease. "For the remainder of the term of the Lease the net annual basic rent is to be calculated as 'a sum equal to six percent of the then appraised value of the demised premises' and is to be calculated in the 40th, 52nd, and 64th years of each Lease." Doc. 25 at 3. The Lease further provides that "[a]ppraisals shall be made by three qualified appraisers, one of whom shall be appointed by Landlord, one by Tenant, and the third by the appointed appraisers." Doc. 19, Ex. A at 4.

A disagreement existed between the Landlord and its appraiser and the Tenant and its appraiser with respect to the correct methodology to be employed in appraising the value of the demised premises pursuant to the Lease. The Landlord's appraiser and the Tenant's appraiser jointly appointed a third appraiser, James K. Tellatin. This court has previously held, in regard to Appraiser Tellatin's appraisal, that:

> Depending on whether the appraised value of the respective "demised premises" is based upon a "hypothetical fee simple interest," as espoused by the Plaintiff Landlords and the Landlords' appraiser, or a "leased fee interest," as espoused by the Defendant Tenants and the Tenants' appraiser, the net annual basic rent amount for each Lease will vary substantially. According to Appraiser Tellatin a leased fee value "is significantly less than the fee simple value" and "produces a rent that is less than the current rent."

Doc. 25 at 5.

This court has further held regarding the methodology to be applied upon determining the appraised value of the lease as follows:

> [A] *leased fee interest* is to be applied when determining the appraised value of the demised premises for purposes of computing the rent. The court notes that it is not its role to actually calculate the appraised value. As provided, however, by the Leases, the appraised value for the demised premises should be that established by Tenants'

---

Docket Text, Nov. 13, 2006. As such, STL 400 N.4th LLC and Value St. Louis Associates, L.P., are the only parties remaining in this case.

2

appraiser and as, alternatively, determined by Appraiser Tellatin pursuant to a *leased fee interest* assumption.

Doc. 25 at 11 (emphasis added).

The Tenant's appraiser determined pursuant to a leased fee interest assumption that the value of the demised premises was $2,320,000. Appraiser Tellatin determined if the leased fee interest methodology espoused by the Tenants was utilized that the value of the demised premises is $2,700,000.

In addition to requesting that this court determine the methodology to be applied according to the Leases for appraising the value of the demised premises, Plaintiff's Complaint also stated that the court should determine the appraised value of the demised premises "in the event that the appraisers are not able to come to a unanimous decision as to the appraised values of the respective demised premises." [3]

## DISPUTE BEFORE THE COURT and DISCUSSION

Relying on Tureman v. Altman, 239 S.W.2d 304 (Mo. 1951), Landlord argues that because the appraisers have not agreed on the appraised value of the demised premises it is the court's role to determine the value and that it is necessary that the parties present evidence as to the value of the property. Landlord suggests that there is new evidence that the value of the property differs from the appraisals now before the court; in particular, Landlord suggests that a purchase agreement, dated July 10, 2006, for land adjoining the demised premises is relevant to a determination of the value at issue and that this purchase agreement is evidence as to the true value of the demised premises.

---

[3] The Complaint further requested that the court order the Tenants to deposit Demolition Funds into a trust pursuant to a provision in the Leases requiring that demolition funds be established. The parties advised the court that they resolved this aspect of their dispute and that the court need not address this matter. Docket Text Order, Feb. 2, 2007.

Tenant contends, pursuant to Tureman, that the court may only determine the value of the demised premises if the appraisal process has failed so that there is no functioning appraisal pursuant to which the rent can be fixed. Tenant argues that the appraisal process has not failed; that there is a functioning appraisal; that unanimity among the appraisers is not a requirement of the Lease; that the only probable construction of the appraiser provision of the Lease is that a third appraiser be appointed to break a deadlock between the first two appraisers; and that any deadlock between the appraisers was broken when this court found that the appraisal methodology to applied is the leased fee interest assumption.

First, the Lease commenced on April 19, 1964, it will terminate on April 20, 2040, and the demised premises was to be appraised in the 40th year of the lease which is 2004. In regard to the appraised value in the 40th year, the Lease refers to the "*then* appraised value." (emphasis added). Moreover, the parties' joint request to Appraiser Tellatin states that the parties agreed that the effective date of the appraisal should be April 20, 2004. Doc. 33, Ex. A. The court finds, therefore, that the clear meaning of the Lease is that the property was to be appraised based on its value as of April 20, 2004. The evidence which Landlord suggests is relevant to an appraisal for the value as of April 20, 2004, addresses the 2006 value of an adjacent property. The court finds that the value of this adjacent property upon its 2006 sale is not relevant to a determination of the value of the demised premises on the agreed effective date of April 20, 2004.

Second, it is the role of this court to ascertain the parties' intent in signing the Lease and to give effect to this intention. Dorsch v. Family Med., Inc., 159 S.W.3d 424, 435 (Mo. Ct. App. 2005). Where a provision of a contract is susceptible to more than one construction, Missouri law provides that "the more probable and reasonable construction" should be applied. Rathbun v. The CATA

4

Corp., 93 S.W.3d 771, 781 (Mo. Ct. App. 2002). The Lease states that the partisan appraisers are to appoint a third appraiser. This language would be rendered meaningless if the appraisal of the third appraiser were not binding on the parties. The court finds, therefore, that the only reasonable interpretation of the Lease is that any deadlock between the partisan appraisers is to be resolved by a third appraiser and that unanimity among the appraisers is not required. See Dorsch, 159 S.W.3d at 435.

However, the parties chose not to follow the appraisal provision of the lease when they jointly instructed the third appraiser, Appraiser Tellatin, to alternatively value the demised premises pursuant to the methodology employed by Landlord's appraiser and by Tenant's appraiser. Doc. 33, Ex. A. In effect, the parties chose not to rely on the opinion of the third appraiser as to the applicable methodology. Pursuant to the parties' request Appraiser Tellatin appraised the demised premises both pursuant to a hypothetical fee simple and a leased fee interest assumption. Under such circumstances, the court finds that the appraisal process did fail. Tureman provides that a court *may* calculate appraised value of property where the appraisal process prescribed by a lease fails. 239 S.W.2d at 308 ("[W]hen value and rents ... are made to depend upon an arbitration and the appraisal fails [] a court of equity, in appropriate circumstances, may intervene and determine value and fix the rental."). As such, the court finds that it may determine the appraised value of the demised premises. See id.

Upon determining the value it is incumbent upon this court to give effect to the intention of the parties in signing the Lease. Dorsch, 159 S.W.3d at 435. The Lease states that the third appraiser should break a deadlock and that his opinion is binding on the parties. The court previously held that the value of the demised premises should be determined pursuant to a leased fee interest. As such,

5

the court finds that giving effect to the intent of the parties in signing the Lease requires this court to find that the value of the demised premises must be the value found by Appraiser Tellatin pursuant to a leased fee interest. Appraiser Tellatin found that the appraised value of the demised premises pursuant to a lease fee interest, as of April 20, 2004, is $2,700,000. The court finds, therefore, that the appraised value of the Lease pursuant to a leased fee interest is $2,700,000.

## CONCLUSION

For the reasons more fully set forth above the court finds that the appraised value of the demised premises pursuant to a leased fee interest is $2,700,000. The court further finds that all matters before the court have been addressed and resolved and that, therefore, a Final Judgment will be entered reflecting this Memorandum Opinion.


/s/Mary Ann L. Medler
MARY ANN L. MEDLER
UNITED STATES MAGISTRATE JUDGE


Dated this 27th day of February, 2007.